IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-198-FL
No. 5:11-CV-392-FL

| | |
|---|---|
| TONY ANTHONY GILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge William A. Webb, regarding petitioner's motion under 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate") (DE # 46). No objections to the M&R have been filed, and the time within which to make any objection has expired. This matter is ripe for ruling.

The magistrate judge recommends that petitioner's motion to vacate be granted in part, specifically with regard to the portion of petitioner's motion in which he requests resentencing in light of the Fair Sentencing Act ("FSA"), signed into law on August 3, 2010. The magistrate judge noted that the Fourth Circuit has not yet addressed the FSA's applicability to convictions involving pre-enactment conduct, but post-enactment sentencing. While the Fourth Circuit has not directly spoken on the issue, it invited this court to consider the issue in United States v. Derrick Jones, 2011 WL 5119064 (E.D.N.C. 2011). The court found that the FSA was not retroactive to defendants like petitioner whose offense conduct occurred prior to August 3, 2010, but who were sentenced after that

date. Id. at *6. The magistrate judge's recommendation directly contradicts with the court's holding in Jones, and therefore the undersigned declines to adopt the recommendation in the M&R.

In light of the recommendation made regarding the FSA, the magistrate judge denied as moot petitioner's other claim in his § 2255 petition, including the claim of ineffective assistance of counsel for failure to file a notice of appeal. Additionally, because the magistrate judge found that the FSA applied retroactively to petitioner, he did not address petitioner's ineffective assistance of counsel claim that petitioner's counsel failed to raise the issue of whether the FSA applied to petitioner.

As such, based on the foregoing, the court declines to adopt the recommendation of the magistrate judge in the M&R with regard to the retroactivity of the FSA to petitioner. This matter is RECOMMITTED to the magistrate judge for memorandum and recommendation on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (DE # 46).

SO ORDERED, this the 3rd day of March, 2012.

LOUISE W. FLANAGAN
United States District Judge